[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-14177
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2003
THOMAS K. KAHN
CLERK

D.C. Docket No. 01-00435-CV-3-RV-MD

LINDA CASH,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(February 7, 2003)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Linda Cash appeals the district court's order dismissing her petition for a writ of mandamus against the Commissioner of Social Security. Cash requested that the district court order the administrative law judge ("ALJ") to conduct a hearing on her second application for social security benefits, which the ALJ dismissed as barred by res judicata. The ALJ also denied Cash's implied request to reopen her first application for benefits. After review, we affirm.

## I. BACKGROUND

A. Cash's First Application for Disability Benefits

In 1996, Cash filed an application for disability benefits, alleging her disability began on June 1, 1988. This application was denied initially and on reconsideration. It is undisputed that Cash had a right to a hearing before an ALJ on her first application, if she timely requested one. The problem for Cash is that she did not request a hearing before an ALJ or appeal the determination of her first application in any way.

B. Cash's Second Application for Disability Benefits

In 1999, Cash filed a second application for disability benefits, again alleging her disability began on June 1, 1988. The agency staff at the regional level denied

2

Cash's second application.[1]  Cash requested reconsideration, and that request also was denied in an agency letter stating, "You asked us to take another look at your Social Security disability case.  Someone who did not make the first decision reviewed your case, including any new facts we received.  After reviewing all the information carefully, we found that our first decision [on the second application] was correct."[2]

Cash then requested a hearing before an ALJ as to her second application.  The ALJ conducted a hearing on whether Cash's claim should be reopened but not an evidentiary hearing on the merits of her claim.  The ALJ dismissed Cash's hearing request on the basis of res judicata because he found that Cash's "current request for hearing involves the rights of the same claimant on the same facts and on the same issues which were decided in the final and binding determination . . . made on the

---

[1]The initial denial letter from the agency staff stated that, "[b]ased on a review of your health problems you do not qualify for benefits on this claim.  This is because you are not disabled under our rules."  The letter further explained that, after examining medical records from Pensacola Naval Hospital, Milwaukee Medical Clinic, and Sacred Heart Hospital, the Regional Commissioner had determined that Cash was not disabled at the time she last met the earnings requirement for social security benefits on March 31, 1995. There is no reference to Cash's first claim in the letter denying her second application.

[2]The reconsideration letter explained that the agency had examined the response of Dr. Lawrence L. Prokop, received on November 30, 1999, and a report from Pensacola Naval Hospital, dated June 3, 1999, in addition to the medical records identified in the initial denial of benefits.  The Regional Commissioner then reiterated its determination that Cash was not disabled then on any date through March 31, 1995, when she was last insured for disability benefits.  There is also no reference to Cash's first claim in the reconsideration denial of her second application.

[first] application." Throughout this case in the district court and on appeal, there has been no dispute over the ALJ's finding that Cash's second application involved the same facts and issues as her first application.

Apparently in light of Cash's res judicata problem, the ALJ also construed Cash's request for a hearing on her second application as an implied request to reopen her first application for benefits. The ALJ then found that there was <u>no</u> good cause to reopen Cash's first application, pursuant to 20 C.F.R. §§ 404.987-404.989, because (1) no new and material evidence had been submitted with Cash's second application and (2) the denial of Cash's first application was not based on a clerical error or an error on the face of the evidence. The Appeals Council denied review.

C. Cash's Petition for Mandamus

Cash then filed this petition for writ of mandamus, which sought an order requiring the ALJ to hold an evidentiary hearing on the merits of her second application. The Commissioner moved to dismiss Cash's "complaint," arguing that there had been no "final decision" by the Commissioner and thus the district court lacked subject matter jurisdiction under both 42 U.S.C. § 405(g) and 28 U.S.C. § 1361. A magistrate judge recommended that Cash's "action" be dismissed. Over Cash's objections, the district court adopted the recommendation and dismissed Cash's "action" for lack of subject matter jurisdiction under § 405(g). Neither the

4

magistrate judge nor the district court discussed mandamus jurisdiction under 28 U.S.C. § 1361.[3]

## II. DISCUSSION

In the district court and on appeal, the parties focus on 42 U.S.C. § 405(g) as the basis for jurisdiction. Thus, we first discuss 42 U.S.C. § 405(g) and then mandamus jurisdiction under 28 U.S.C. § 1361.[4]

A. Limited Jurisdiction Under § 405(g)

The district court's jurisdiction is limited by the Social Security Act, and judicial review exists only over "final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g) (2002).[5] The Social Security Administration's regulations provide that the Commissioner may dismiss a hearing request and decline to issue a "final decision" if the doctrine of res judicata applies in that the Commissioner has made a previous decision about the claimant's rights on the same

---

[3]Although Cash styled her complaint as a mandamus petition, Cash did complete and file a "civil cover sheet" expressly stating she was filing her action pursuant to "42 U.S.C. § 405(g)."

[4]The decision of the district court as to its subject matter jurisdiction is a question of law that we review de novo. See, e.g., Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996).

[5]Section 405(g) states in relevant part:
Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
42 U.S.C. § 405(g).

facts and the same issues and this previous determination has become final. 20

C.F.R. § 404.957(c)(1).[6] Cash does not dispute that the two applications involve

essentially the same onset date and same facts and issues. Instead, Cash primarily

contends that, in considering her hearing request on her second application, the ALJ

was estopped from applying res judicata because her first application had been de

facto reopened.

As a general matter, district courts do not have jurisdiction over the Secretary's

refusal to reopen a claim, since such a refusal is not a "final decision" within the

meaning of § 405(g). Califano v. Sanders, 430 U.S. 99, 107-09 (1977). Instead, a

decision refusing to reopen an earlier application ordinarily is considered an interim

decision not reviewable under § 405(g). See, e.g., Loudermilk v. Barnhart, 290 F.3d

1265, 1268 (11th Cir. 2002); Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996).[7]

Nonetheless, we have recognized an exception to this rule. Subject matter

jurisdiction exists in those cases where a final decision on a prior "social security

---

[6]Section 405(b) of Title 42 mandates an evidentiary hearing before an administrative law judge on an original application for benefits if one is timely requested by the claimant. See 42 U.S.C. § 405(b); see also 20 C.F.R. §§ 404.929, 404.930. However, an ALJ may dismiss a request for a hearing, inter alia, on res judicata grounds. 20 C.F.R. § 404.957(c)(1).

[7]See also 20 C.F.R. § 404.900(a)(5) (defining a final decision for purposes of judicial review as an initial determination that has been pursued through all four steps in the administrative review process); 20 C.F.R. § 404.903(l) (excluding a denial of a request to reopen a determination from the definition of final determinations, which are subject to judicial review).

claim is in fact reopened and reconsidered on the merits to any extent on the administrative level." Sherrod, 74 F.3d at 245. Although the ALJ denied her implicit request to reopen, Cash argues that a de facto reopening of her first claim occurred. Thus, our task is to determine whether there was a de facto reopening of Cash's first application resulting in a new final decision to support jurisdiction under § 405(g).

In this case, it is undisputed that the ALJ did not consider the merits of Cash's second application. Instead, the ALJ did two things. The ALJ looked at Cash's second application and her prior claim only to the extent required to determine if they involved the same claims, facts and issues and determined res judicata applied. After doing so, the ALJ concluded Cash's second application was barred by res judicata. Secondly, the ALJ construed the second application as a motion to reopen the final decision on her first application and expressly denied the motion to reopen. The Appeals Council then denied review.

In prior decisions, this Court has held that no reopening of a prior application occurs and no jurisdiction exists under § 405(g) to support judicial review of the ALJ and the Appeal Council's decision in these circumstances. See, e.g., Brown v. Sullivan, 921 F.2d 1233, 1237 (11th Cir. 1991) (stating that, in determining whether res judicata applies, "if the [Commissioner] merely considers newly proffered evidence without reconsidering the merits of the previously denied application, then

7

he has not reopened that application"); Cherry v. Heckler, 760 F.2d 1186, 1189 (11th Cir. 1985) (noting that the Commissioner "must in fairness look far enough into the proffered factual and legal support [for the first application] to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter" (quotation marks omitted)).

In contrast, when our precedent has concluded that a reopening occurred, the case involved an actual reopening of a prior claim by either the ALJ or the Appeals Council. See, e.g., Wolfe v. Chater, 86 F.3d 1072 (11th Cir. 1996) (reopening occurred when ALJ, considering third application for benefits, reexamined merits of determination on first and second application concerning claimant's educational level); Macon v. Sullivan, 929 F.2d 1524 (11th Cir. 1991) (reopening occurred when Appeals Council reexamined merits of determination on claimants' first application concerning their status as surviving children after ALJ denied request for a hearing on basis of res judicata).

We recognize that Cash argues that, prior to the ALJ's action in this case, the letters from the regional level of the Social Security Administration indicated that the agency staff had examined and denied her second application on the merits initially and then on reconsideration. Thus, Cash contends there was a de facto reopening of her first application by the agency staff. Our prior above decisions did not detail

exactly what had happened at the staff level before the ALJ determined that res judicata barred a claimant's second application. However, we conclude that those decisions are sufficiently similar to control this case. In addition, the district court has jurisdiction to review only the Commissioner's final decision, and thus we must look to what the ALJ and the Appeals Council did to determine if a reopening occurred and not to the initial interim decisions at the lower agency levels. Further, the ALJ's res judicata analysis and review did not constitute a <u>de facto</u> reopening of Cash's first application. More importantly in this case, the ALJ also construed Cash's second application as a motion to reopen her first claim and <u>expressly</u> denied Cash's motion. Given the particular facts in this case, we conclude there was no actual or <u>de facto</u> reopening of the final decision on the first application to serve as a basis for jurisdiction under § 405(g).[8] Rather, the ALJ's refusal to reopen was an interim decision, not a final decision, and does not support jurisdiction under § 405(g).[9]

---

[8]We have recognized a second exception to the general rule that courts do not have subject matter jurisdiction to review the Commissioner's refusal to reopen a claim. We have found that subject matter jurisdiction exists when the claimant raises a colorable constitutional issue. <u>Sherrod</u>, 74 F.3d at 245. Cash contends that she raises a colorable constitutional claim because she argues that her due process rights were violated when the ALJ denied her an evidentiary hearing on the merits of her second application. However, her due process argument hinges on a finding that a reopening occurred, thus entitling her to a hearing under 20 C.F.R. § 404.992(b). As we explain, no reopening occurred in Cash's case. Therefore, Cash has not asserted a colorable constitutional claim.

[9]Other circuits have expressly rejected the argument that a reopening of a prior final decision can occur at a lower level of staff agency review and estop the ALJ and in turn the Commissioner from asserting res judicata and refusing to consider a second application. See <u>Johnson v. Sullivan</u>, 936 F.2d 974 (7th Cir. 1991); <u>Morris v. Sullivan</u>, 897 F.2d 553 (D.C. Cir. 1990). At a glance, one

B. Jurisdiction Under § 1361

Under 28 U.S.C. § 1361, otherwise known as The Mandamus Act, the district court has original jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.[10] "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969). Although the issuance of a writ of mandamus is "a legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion." Id.

"The test for jurisdiction is whether mandamus would be an appropriate means of relief." Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980). Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) "no other adequate remedy [is] available." Id. Put another way, a writ of mandamus "is intended to provide a

circuit decision appears to differ, but the facts there are materially different. See Cleaton v. Sec'y, Dep't of Health & Human Servs., 815 F.2d 295 (4th Cir. 1987) (not involving a second application at all but addressing the agency and the ALJ examining only the first application a second time). Moreover, the Fourth Circuit appears to have receded somewhat from its earlier approach. See Hall v. Chater, 52 F.3d 518, 520-21 (4th Cir. 1995).

[10]Section 1361 states in full:
The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.
28 U.S.C. § 1361.

remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). "In resolving whether section 1361 jurisdiction is present, allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction." Jones, 609 F.2d at 781.

Here, Cash argues that, under 42 U.S.C. § 405(b), she was entitled to, and the ALJ had a clear duty to provide her with, a hearing on her second application for benefits because her first application for benefits had been de facto reopened. Given that no de facto reopening of Cash's first application occurred, we conclude that the ALJ had no clear duty to provide Cash with a hearing on her second application. Thus, the district court also lacked jurisdiction over Cash's action under § 1361.

**AFFIRMED.**