[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2005
THOMAS K. KAHN
CLERK

No. 05-11155
Non-Argument Calendar

_____

D. C. Docket No. 99-00030-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDER H. GRIFFIN,
a.k.a. Big Al,
a.k.a. Big Papa,
a.k.a. Zander,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 14, 2005)**

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Federal prisoner Alexander Griffin, proceeding pro se, appeals the district

court's denial of his petition for a writ of mandamus to compel the government to file a Fed.R.Crim.P 35(b) motion for reduction of his sentence. On appeal, Griffin maintains that he provided substantial assistance to the government and that the government had an obligation to honor the oral promises of government agents to file a Rule 35(b) motion on his behalf. Although Griffin concedes that the government agents only made oral promises to file a Rule 35(b) motion, as opposed to a written contract, Griffin argues that he nonetheless provided information that the government used in obtaining convictions of other individuals and, thus, we should order the issuance of the writ of mandamus to remedy the government's breach of the oral agreement. Griffin also requests that we follow the analysis utilized by the Supreme Court in Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), which provided that the district court could remedy the government's refusal to file a Rule 35(b) motion if the court found that the refusal was based on an unconstitutional motive.

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." Whether to issue a writ of mandamus is within the discretion of the court to which the petition is addressed. Kerr v. U.S. Dist. Ct. For the N. Dist. of California, 426 U.S. 394, 403, 96 S.Ct.

2

2119, 2124, 48 L.Ed.2d 725 (1976); see also United States v. Denson, 603 F.2d 1143, 1146 (5th Cir. 1979) (explaining that "[t]he Supreme Court has repeatedly stated in general terms that issuance of a writ of mandamus lies in large part within the discretion of the court").

Moreover, mandamus is a drastic remedy justified by "only exceptional circumstances." In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003). "The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." Id. (quotation omitted). "[A] writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotation omitted).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Griffin has not shown the exceptional circumstances necessary to warrant issuance of the writ. The plea agreement executed between Griffin and the government stated that "the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida." It is clear, then, that the government does not owe Griffin a

nondiscretionary duty to file a Rule 35(b) motion requesting a reduction in his sentence. Therefore, to the extent Griffin argues that the government breached the agreement, his argument is without merit because the government was under no mandatory duty, pursuant to the plea agreement, to file the Rule 35(b) motion. Additionally, there is no evidence in the record supporting Griffin's contention that government agents made an oral agreement with Griffin that would bind the government and require it to file a Rule 35(b) motion.

In short, Griffin failed to establish a "clear and indisputable" right to the issuance of a writ of mandamus, and, thus, we affirm the district court's denial of Griffin's petition for such writ. Because we can affirm on the foregoing, we need not reach the government's alternative arguments that Griffin could have sought relief under 28 U.S.C. § 2255(4) and is precluded from relief under the law of the case doctrine.

**AFFIRMED.**