Saadi Nizar ORABI and Lisa Orabi, Plaintiffs,

v.

Michael CHERTOFF, Secretary, Department of Homeland Security, et al., Defendants.

Civil No. 1:07–CV–1453–JTC.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 27, 2007.

David Nabow Soloway, Frazier Soloway & Poorak, Atlanta, GA, for Plaintiffs.

Lisa D. Cooper, Office of United States Attorney, Atlanta, GA, for Defendants.

## ORDER

JACK T. CAMP, District Judge.

Pending before the Court is Defendants' motion to dismiss [# 3]. Plaintiffs bring this action seeking a writ of mandamus to compel the Defendants to adjudicate their pending immigration petitions.

## I. Background

On December 21, 2000, Plaintiff Saadi Nizar Orabi ("Saadi"), a citizen and native of Syria, entered the United States on a visitor's visa and later changed his status to L–1A intracompany transferee. (Compl. ¶ 8.) On July 1, 2003, Saadi married Plaintiff Lisa Orabi ("Lisa"), a citizen and native of the United States. (*Id.* ¶ 10.) In February 2004, Lisa filed an I–130 petition for alien relative on behalf of Saadi, and Saadi filed an I–485 application to adjust his status to lawful permanent resident. (*Id.* ¶ 11.) In August and September 2005, the Plaintiffs were interviewed by Citizenship and Immigration Services ("CIS") officials and submitted relevant documents. (*Id.*) Since that time, Saadi's application has not been adjudicated by CIS.[1] (*Id.* ¶¶ 11–12.) In January 2007, CIS informed Plaintiffs that a background check outside the control of CIS was impeding the adjudication of Saadi's application.[2] (*Id.* ¶ 12.) Saadi's application remains pending.

## II. Discussion

In the Complaint, Plaintiffs assert three grounds for the Court's jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, (2) jurisdiction for mandamus under 28 U.S.C. § 1361, (3) the Administrative Procedures Act under 5 U.S.C. §§ 555, 704, and (4) the Declaratory Judgment Act under 28 U.S.C. § 2201.[3] Defendants move to dismiss, arguing that the Court lacks jurisdiction and that the Complaint fails to state a claim.

### A. Subject Matter Jurisdiction

Courts lack jurisdiction to review actions committed to the Attorney General's discretion:

> Notwithstanding any other provision of law (statutory or nonstatutory), ... and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the au-

---

1. Defendants provided evidence with their motion to dismiss that CIS approved Lisa's petition on August 22, 2007. Plaintiffs do not dispute Defendants' evidence.

2. An application for adjustment of status requires a number of background checks, including (1) an FBI fingerprint check, (2) an Interagency Border Inspection System check, and (3) an FBI name check, before CIS can approve the petition. (Benton Decl. at 1–2.) While Saadi's FBI fingerprint checks and Interagency Border Inspection System checks have been completed, his FBI name check remains pending. (*Id.* at 3.)

3. The Declaratory Judgment Act does not confer jurisdiction. Instead, it requires an independent source of federal jurisdiction. *See Fed. Election Comm'n v. Reform Party of U.S.,* 479 F.3d 1302, 1307 n. 5 (11th Cir.2007). As discussed below, this Court lacks an independent source of jurisdiction.

thority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.

8 U.S.C. § 1252(a)(2)(B)(ii). Adjustment of an aliens status to that of lawful permanent resident is an act entrusted to the discretion of the Attorney General. 8 U.S.C. § 1255(a) (the Attorney General, "in his discretion and under such regulations as he may prescribe," may adjust an alien's status to that of lawful permanent resident); *see also* 8 C.F.R. § 245.1, *et seq.* (setting out procedures for adjustment of status). Notably, neither the statute nor the regulations specify a time frame or pace for the Attorney General to adjust an alien's status.

Plaintiffs argue that § 1252(a)(2)(B)(ii) does not strip the Court of jurisdiction in this case because no "decision or action" has taken place. Specifically, Plaintiffs contend that adjudication of applications is not a type of discretionary "action" contemplated by the statute. The Court agrees that no "decision" has been made, as a "decision" is the Attorney General's final determination or order as to Saadi's status. *See, e.g.,* Black's Law Dictionary 414 (7th ed.1999) ("decision" is a "judicial determination after consideration of the facts and the law"). However, "action" must mean something other than a final order. *See Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) ("courts should disfavor interpretations of statutes that render language superfluous"); *Torres v. Chertoff,* No. 1:07–CV–01649–WSD, 2007 WL 4261742, at *4 (N.D.Ga. Nov. 30, 2007) (Duffey, J.) ("If Congress wanted to preclude the courts from exercising jurisdiction only over final agency 'decisions,' then the word 'action' could have been omitted."). The definition of "action" is not so narrow as to exclude adjudication of applications or the pace of any adjudication.

An "action" is the "process of doing something; conduct or behavior." Black's Law Dictionary 28 (7th ed.1999); *see also* 5 U.S.C. § 551(13) ("agency action" is "the whole or part of an agency rule, order . . . or failure to act").

Thus, under § 1252(a)(2)(B)(ii) the term "action" encompasses any act or series of acts that is discretionary within the adjustment of status process. And, as § 1255(a) does not impose any limits on USCIS's discretionary authority over the adjustment of status process, it is clear that "action" in § 1252(a)(2)(B)(ii) encompasses the entire process of reviewing an adjustment application, including the completion of background and security checks and the pace at which the process proceeds.

Surely Congress, in passing § 1252(a)(2)(B)(ii), did not intend to preclude from judicial review all discretionary actions involved in the processing of an adjustment application except for the pace of such processing. Indeed, to suggest that Congress intended to except the pace of the process from the general exclusion of judicial review is belied by the complete absence of any statutory time limits on the processing of adjustment applications. Instead, § 1255(a) simply provides that the adjustment application process is subject to the regulations that USCIS may elect to prescribe. Nowhere in the statute is there any reference to time limits for the processing of adjustment of status applications or the need for expedition in doing so. The absence of any such reference is consistent with, and confirmatory of, Congress' intent to confer on USCIS discretion over not just the adjustment of status decision, but also the process employed to reach that result, and to exclude from judicial review the exercise of all that discretion.

*Safadi v. Howard.* 466 F.Supp.2d 696, 699 (E.D.Va.2006) (footnote omitted). A number of courts [4] have arrived at the same conclusion. *See, e.g., Torres,* 2007 WL 4261742, at *4; *Tao Luo v. Keisler,* No. 07–0395(RJL), 2007 WL 3357241, at *2 (D.D.C. Nov. 14, 2007); *Sharif v. Chertoff,* 497 F.Supp.2d 928, 933–34 (N.D.Ill.2007); *Bugulu v. Gonzalez,* 490 F.Supp.2d 965, 967 (W.D.Wis.2007): *Romanovich v. Gonzales,* No. 07–60224–CIV, 2007 WL 1229047, at *1–2 (S.D.Fla. April 4, 2007); *Grinberg v. Swacina,* 478 F.Supp.2d 1350, 1353–54 (S.D.Fla.2007).

Other courts considering the issue have come to the opposite conclusion. *See, e.g., Belegradek v. Gonzales,* No. 1:07–CV–0589–RWS, 2007 WL 3091078, at *3 (N.D.Ga. Oct. 18, 2007) (Story, J.) ("Section 245 of the INA imposes a non-discretionary duty on the Attorney General to adjudicate an application for adjustment of status" within a "reasonable time"); *Alkeylani v. Dep't of Homeland Sec.,* 514 F.Supp.2d 258, 263 (D.Conn.2007) ("nothing in the statute suggests that the speed or pace of adjudication is discretionary"); *Liu v. Novak,* 509 F.Supp.2d 1, 6 (D.D.C. 2007) ("Review over the lack of action is not barred."); *Tang v. Chertoff,* 493 F.Supp.2d 148, 153–54 (D.Mass.2007) ("Despite the care taken in the INA to specify the substance of an adjustment of status decision as discretionary, the pacing of such a decision is not so specified.").

■ In the absence of Eleventh Circuit authority on this issue and no clear trend among district courts, the Court finds the approach set out in *Safadi* persuasive and adopts it. There is no indication in this case that Defendants have refused to act. *Cf. Safadi,* 466 F.Supp.2d at 700

(jurisdiction may exist "where USCIS refused altogether to process an adjustment application or where the delay was so unreasonable as to be tantamount to a refusal to process the application."). Rather, it appears that only Saadi's FBI name check remains pending. The approximately three-and-a-half-year delay that has elapsed while CIS awaits Saadi's FBI name check does not, standing alone, rise to the level of an unreasonable delay. *Cf. Grinberg,* 478 F.Supp.2d at 1354; *Safadi,* 466 F.Supp.2d at 700–01. Therefore, pursuant to § 1252(a)(2)(B)(ii), the Court lacks subject matter jurisdiction over this case.

**B. Federal Question Jurisdiction and the Administrative Procedures Act**

Plaintiffs concede that the Administrative Procedures Act, on its own, does not provide a basis for subject matter jurisdiction. Instead, Plaintiffs argue that 28 U.S.C. § 1331, in connection with the Administrative Procedures Act, vests the Court with jurisdiction. Plaintiffs point to 5 U.S.C. § 702, which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." The Administrative Procedures Act also provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed" and that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §§ 706(1), 555(b). Plaintiffs contend that these sections grant jurisdiction

---

4. A backlog of over 400,000 immigration background checks has led many immigrants to file mandamus actions such as this one in federal courts across the country. *See* Pamela A. MacLean, *Federal Judges Forced to Enter Immigration Fight,* Fulton County Daily Report, July 24, 2007, at 1.

and require Defendants to adjudicate applications within a reasonable time.

■ "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64, 124 S.Ct. 2373, 2379, 159 L.Ed.2d 137 (2004). "The [Immigration and Nationality Act ("INA")] does not set a time period within which the Attorney General must adjudicate adjustment of status applications. That fact, coupled with the jurisdictional prohibitions of the INA, express Congress' intent to give to the Attorney General complete discretion over procedures used to grant or deny adjustment of status." *Torres*, 2007 WL 4261742, at *5. Because the pace of adjudication is not a discrete or required agency action, § 706(1) or § 555(b) does not provide jurisdiction.

■ Section 704 of Title 5 further provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." *Id.* "For an agency action to be 'final' it 'must mark the consummation of the agency's decisionmaking process-it must not be of a merely tentative or interlocutory nature' or, said another way, it must 'be [an action] by which rights or obligations have been determined, or from which legal consequences will flow.'" *Badier v. Gonzales*, 475 F.Supp.2d 1294, 1297 (N.D.Ga.2006) (Martin, J.) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78, 117 S.Ct. 1154, 1168, 137 L.Ed.2d 281 (1997)). The adjudication process is not a final agency action. Adjudication is akin to a procedural or intermediate agency action

not directly reviewable. 5 U.S.C. § 704. Because Saadi's application has not been adjudicated, no final agency action has occurred in this case. Thus, § 704 does not provide jurisdiction.

■ Additionally, the Administrative Procedures Act does not apply where "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1), (2). As discussed above, 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of the discretionary act of adjudicating applications.

### C. Mandamus

■ Mandamus jurisdiction pursuant to 28 U.S.C. § 1361 exists only where mandamus is "an appropriate means of relief." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir.2003) (quotation marks omitted). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Id.* (quotation marks and alteration omitted). "Mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Id.* (quotation marks omitted).

■ Mandamus jurisdiction does not exist in this case. First, § 1252(a)(2)(B) explicitly exempts § 1361 from bestowing jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law (statutory or nonstatutory), including ... sections 1361 and 1651 of [Title 28] ... no court shall have jurisdiction ...."). Second, Plaintiffs have no clear right to the relief they request. There is no statute or regulation specifying a time frame or pace for adjudication of an application. Even assuming *arguendo* that Defendants must

adjudicate applications in a "reasonable time," "[w]hether a passage of time is 'reasonable' is itself a subjective, merits-based determination, not a 'clear right.' " *Torres*, 2007 WL 4261742, at *7. Further, as discussed above, Defendants have no "clear duty to act" in the form of adjudicating applications in a certain time period.[5]

## III. Conclusion

For the reasons stated above, the Court lacks jurisdiction over this case. Accordingly, the Court **GRANTS** Defendants' motion to dismiss [# 3], **DISMISSES** Plaintiffs' Complaint [# 1], and **DIRECTS** the Clerk to **CLOSE** this case.

---

**5.** Because the Court finds that it lacks jurisdiction, the Court need not address whether Plaintiffs stated a claim.