[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12445
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-61497-RLD


RONALD MICKLAS,

                                        Plaintiff - Appellant,

                    versus

J. DOE, NO. 1,
(Reviewer No.1),
J. DOE NO. 2,
(Reviewer No. 2),
COMMISSIONER OF SOCIAL SECURITY,
in his Official Capacity,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 5, 2012)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ronald Micklas, proceeding *pro se*,[1] appeals the district court's dismissal of his complaint against two unnamed Social Security reviewers and the Commissioner of Social Security. Micklas argues that the district court erred in dismissing his suit for lack of subject matter jurisdiction. Upon review of the briefs and record, we affirm.[2]

Micklas asserts his claim under 42 U.S.C. § 1983, which provides a remedy for deprivation of federal statutory and constitutional rights by a person acting under color of state law. *Almand v. DeKalb Cnty.*, 103 F.3d 1510, 1512–13 (11th Cir. 1997). Micklas's allegations relay his displeasure with having his claims for Social Security benefits denied. His claims do not, however, involve a violation of his rights by a person acting "under color of *state* law" as required by § 1983. Instead, his complaints arise under federal law—the Social Security Act pursuant to which his claims for benefits were denied. We thus construe Micklas's complaint otherwise to "discern whether jurisdiction . . . can be founded on a

---

[1]Because he proceeds *pro se*, we construe Micklas's pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

[2]We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. *Cash v. Barnhart*, 327 F.3d 1252, 1255 n.4 (11th Cir. 2003) (per curiam).

legally justifiable base." *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (per curiam).

Construing Micklas's complaint as a *Bivens* action does not result in federal jurisdiction. Under *Bivens*, federal officials acting under color of federal law may be sued in their individual capacities for violating an individual's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S. Ct. 1999, 2005 (1971). A *Bivens* action is unavailable, though, where Congress has provided an alternate remedy. *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004). The Supreme Court, because of the remedies under the complex Social Security statutes and regulations, has expressly foreclosed extension of a *Bivens* action to persons who were improperly denied Social Security benefits as a result of alleged due process violations. *Schweiker v. Chilicky*, 487 U.S. 412, 425–29, 108 S. Ct. 2460, 2468–71 (1988). Because Micklas alleges due process violations related to denial of his benefits, a *Bivens* actions is not available and cannot provide a basis of jurisdiction in this court.

Even construing Micklas's claim as one for review of the denial of benefits, federal jurisdiction is lacking. The Social Security Act limits a district court's jurisdiction over claims related to Social Security benefits determinations to the review of a "final decision" of the Commissioner. 42 U.S.C. § 405(g). To obtain

3

review in federal court under Section 405(g), a Social Security claimant must have (1) presented a claim for benefits to the Commissioner and (2) exhausted administrative remedies. *See Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997). "This means claimant must have completed each of the steps of the administrative review process unless exhaustion has been waived." *Id.* Waiver is not at issue in this appeal.

Here, the Commissioner submitted exhibits to the district court that demonstrated Micklas had not exhausted his administrative remedies.[3] Specifically, these exhibits established that Micklas had not proceeded beyond the second of the four-step administrative review process of the Social Security Administration. Upon review, we agree with the district court that Micklas has not exhausted his administrative remedies. The district court thus correctly determined that it was without jurisdiction over Micklas's claims.

**AFFIRMED.**

---

[3]Micklas also argues on appeal that it was improper for the district court to consider materials outside of the pleadings in determining the motion to dismiss for lack of subject matter jurisdiction. It is well established, however, that when a party "challenge[s] the existence of subject matter jurisdiction in fact, . . . matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam).