[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10143
Non-Argument Calendar
_____

D.C. Docket No. 5:99-cr-00029-WTH-TBS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD LEE BARTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 3, 2012)

Before JORDAN, EDMONDSON, and BLACK, Circuit Judges.

PER CURIAM:

Edward Lee Bartley, proceeding *pro se*, appeals the district court's denial of

his motion to compel the government to file a motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. After a review of the record and the parties' briefs, we affirm.

On August 12, 1999, a grand jury returned an indictment charging Mr. Bartley with nine counts of distributing crack cocaine in violation of 18 U.S.C. § 841(a)(2). Mr. Bartley pled guilty to one count of that indictment, and in February of 2001 the district court sentenced him to 211 months' imprisonment, to run concurrently with a state prison sentence he was already serving.[1]

The plea agreement provided that Mr. Bartley agreed to cooperate fully with the government, and that the government would consider whether such cooperation amounted to "substantial assistance" for purposes of filing a Rule 35(b) motion:

> Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons ... If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely

---

[1] Mr. Bartley did not pursue a direct appeal. In 2002, however, he filed a motion to vacate pursuant to 28 U.S.C. § 2255. The § 2255 motion was denied by the district court, and Mr. Bartley's request for a certificate of appealability was denied by both the district court and this court.

with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

R1:21 at 4–5. The government did not file a Rule 35(b) motion on Mr. Bartley's behalf.

In 2006, Mr. Bartley filed his first motion regarding the government's decision to not file a Rule 35(b) motion. Mr. Bartley sought an order compelling the government "to fully evaluate [his] post-sentence cooperation in the investigation and prosecution of [Avonda Dowling],[2] then to make a good faith determination ... as to whether [his] post-sentence cooperation qualifies as 'substantial assistance' for purposes of" Rule 35(b). *See* R1:52 at 1–2. In response to the motion, the government stated that the cooperation did not amount to substantial assistance as defined by Rule 35(b) because Mr. Bartley provided only general information that was already known to the government and which was not useful at Ms. Dowling's trial. The district court denied Mr. Bartley's motion, finding that the government provided a legitimate reason for refusing to file a Rule 35(b) motion, namely that Mr. Bartley's cooperation did not amount to substantial assistance. The district court also noted that Mr. Bartley failed to prove that the government acted with bad faith in making its decision. Mr. Bartley did not appeal.

---

[2] That prosecution was filed in the Southern District of Florida and styled *United States v. Avonda Dowling, et. al.*, Case No. 02-20936-Cr-Seitz.

On December 2, 2011, Mr. Bartley filed his second motion regarding the government's failure to file a Rule 35(b) motion. Unlike the motion Mr. Bartley had filed in 2006, this motion did not seek to enforce the terms of the plea agreement, but, instead, sought to specifically enforce an alleged oral promise made to him by the government that it would file a Rule 35(b) motion as a result of his cooperation. Specifically, Mr. Bartley stated that he "was promised orally a motion for sentence reduction years after he entered the plea agreement therefore the plea agreement can not represent what the agents promised him when they debriefed him time and time again before he was writted back to testify for the government." R1:61 at 3 (*sic*).

Before the government filed a response, the district court *sua sponte* denied the motion. The district court found that under *Wade v. United States*, 504 U.S. 181, 185 (1992), Mr. Bartley had failed to make the requisite threshold showing that the government's decision not to file the motion was based on an unconstitutional motive—*e.g.*, Mr. Bartley's race or religion—or identify any similarly situated defendants in support of his equal protection claim. Mr. Bartley now appeals the district court's denial of his 2011 motion to enforce the alleged oral promise.

The government argues that we should only decide whether the district court abused its discretion in denying Mr. Bartley's motion to compel, because that motion could only have been construed as a petition for a writ of mandamus. *See generally*

4

*Cash v. Barnhart*, 327 F.3d 1252, 1257–58 (11th Cir. 2003) ("Although the issuance of a writ of mandamus is a 'legal remedy, it is largely controlled by equitable principles and its issuance is a matter of judicial discretion.'") (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). We need not address the government's argument. Even if the standard of review is *de novo*, we conclude that Mr. Bartley's motion was properly denied.

Mr. Bartley's motion was based on a purported oral promise made to him by the government that it would file a Rule 35(b) motion. The motion was not sworn, was not accompanied by an affidavit or declaration under penalty of perjury, and was not specific as to when the purported promise was made or by whom. Instead, Mr. Bartley merely stated that the government orally agreed (at some point after the entry of the plea) to file a Rule 35(b) motion on his behalf. We have held that when a district court is presented with such conclusory allegations in a motion or petition it may deny relief without holding an evidentiary hearing. *See Lynn v. United States*, 365 F.3d 1225, 1238–39 (11th Cir. 2004) (conclusory affidavits alleging government violation of witness sequestration rule, which did not provide any names or point out what testimony was tailored, were insufficient to require a hearing under § 2255); *Tejada v. Dugger*, 941 F.2d 1551, 1559–1560 (11th Cir. 1991) (petitioner is not entitled to evidentiary hearing in habeas corpus proceeding under 28 U.S.C. § 2254

5

when he only makes conclusory allegations in his petition). This is one of those cases. Given the deficiencies in Mr. Bartley's motion, the district court did not err in denying it without a hearing.

**AFFIRMED.**