[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10198
Non-Argument Calendar

_____

D.C. Docket No. 9:11-cv-80031-KAM

ANNABEL MANTZ,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 15, 2012)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Annabel Mantz appeals the district court's dismissal of her *pro se* complaint

seeking Social Security disability benefits.  The district court found, and Mantz herself concedes, that Mantz failed to exhaust her administrative remedies prior to bringing suit in the district court.  Mantz, who has previously been unsuccessful seeking disability benefits, stated that she was circumventing the administrative appeals process because she "felt she would get justice this way and not get any justice going through the Disability appeal process . . . ."  The district court found that it lacked subject matter jurisdiction because Mantz had failed to exhaust her administrative remedies.

We review *de novo* the district court's determination that it lacked subject matter jurisdiction.  *See Cash v. Barnhart*, 327 F.3d 1252, 1255 n.4 (11th Cir. 2003) (per curiam).  Federal courts may not review administrative decisions except as provided for in 42 U.S.C. § 405(g), *Bloodsworth v. Heckler*, 703 F.2d 1233, 1236 (11th Cir. 1983), and to obtain review under § 405(g), a Social Security claimant must have presented a claim for benefits to the Commissioner and exhausted her administrative remedies, *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997).  Because Mantz failed to exhaust her remedies and she does not raise a constitutional claim, the district court properly concluded that it lacked jurisdiction to hear her appeal.

**AFFIRMED.**