[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14879
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-23801-WJZ

ALEX ANDERSON,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2013)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Alex Anderson appeals the district court's dismissal of his pro se complaint, filed pursuant to 42 U.S.C. § 405(g), which sought judicial review of the Social Security Administration's ("SSA") determination of his monthly amount of supplemental security income ("SSI"). The district court dismissed Anderson's complaint for lack of subject matter jurisdiction because Anderson had not yet received a hearing before an administrative law judge ("ALJ") and thus had not exhausted his administrative remedies. After review, we affirm.[1]

Federal courts may not review administrative decisions of the SSA except as provided in 42 U.S.C. § 405(g). Bloodsworth v. Heckler, 703 F.2d 1233, 1236 (11th Cir. 1983); see also 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided"). A social security claimant may obtain review under § 405(g) by filing a civil action in federal district court, but only "after any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g) (emphasis added).

Thus, to obtain review in federal court under § 405(g), a social security claimant must have: (1) presented his claim for benefits to the Commissioner; and (2) exhausted his administrative remedies. Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997). "This means [the] claimant must have completed each of

---

[1]We review de novo the district court's determination that it lacked subject matter jurisdiction. Cash v. Barnhart, 327 F.3d 1252, 1255 n.4 (11th Cir. 2003).

2

the steps of the administrative review process unless exhaustion has been waived." Id. The administrative review process includes an initial determination, reconsideration, a hearing before an ALJ, and review by the Appeals Council. See 20 C.F.R. § 404.900(a)(1)-(4).[2]

Here, the district court did not err in dismissing Anderson's complaint for lack of subject matter jurisdiction. The parties agree that, at the time Anderson filed his complaint, the SSA had denied Anderson's administrative claim initially and on reconsideration, but had not yet acted on Anderson's request for an ALJ hearing. In other words, it is undisputed that the ALJ had not yet held a hearing in Anderson's case, much less issued a decision that the Appeals Council could review. Thus, Anderson had not completed the administrative review process, and there was not a final administrative decision required by § 405(g). Further, the SSA did not waive exhaustion in this case.

Because Anderson had not exhausted his administrative remedies before filing his action, the district court properly concluded that it lacked jurisdiction over his complaint.

**AFFIRMED.**

---

[2]Exhaustion may be excused when the claimant raises only a constitutional issue that is collateral to consideration of the claim and therefore its resolution falls outside the agency's authority. Crayton, 120 F.3d at 1222. Anderson, however, did not allege any constitutional claims.

3