[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10206
Non-Argument Calendar
_____

D.C. Docket No. 8:08-cr-00379-SDM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES M. CHAMBERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 18, 2015)

Before TJOFLAT, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

On April 13, 2009, James Chambers, having pled guilty pursuant to a plea agreement, was sentenced to a prison term of 188 months for possession with intent to distribute heroin or cocaine base, in violation of 21 U.S.C. § 841(a)(1). On October 15, 2010, the District Court reduced Chambers's sentence to 130 months pursuant to the Government's motion to reduce his sentence pursuant to 18 U.S.C. § 3553(e) and Federal Rule of Criminal Procedure 35(b) for providing the Government substantial assistance in its investigation of criminal activity.

On September 10, 2013, Chambers petitioned the District Court for a writ of mandamus compelling the Government to move the court under § 3553(e) for the imposition of a sentence below the five-year minimum sentence mandated by statute for the offense committed in his case. He argued that under the terms of the plea agreement, the Government, prior to his sentencing, was required to request a sentence below the five-year mandatory minimum. The District Court denied his petition, and he appeals.

We review a district court's refusal to issue a writ of mandamus for abuse of discretion. In re Stewart, 641 F.3d 1271, 1275 (11th Cir. 2011). "Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (quotation and alteration omitted). Thus, we have articulated three requirements for the issuance of a writ of mandamus: (1) the petitioner has a clear right to the

2

relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available.   Id. at 1258.  Moreover, a petitioner must prove that his right to the issuance of the writ is "clear and indisputable."   In re BellSouth Corp., 334 F.3d 941, 953 (11th Cir. 2003) (citation omitted).

Under Federal Rule of Criminal Procedure 35(b), a district court may, upon the Government's motion, reduce a defendant's sentence if the defendant provided substantial assistance, and the court has authority "to reduce the sentence to a level below the minimum sentence established by statute." Fed. R. Crim. P. 35(b). Under § 3553(e), the court has the authority, upon the government's motion, "to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  18 U.S.C. § 3553(e).

We find no abuse of discretion in the court's denial of the writ.  Chambers failed to demonstrate that, prior to sentencing, he had a clear right to, and the Government had a clear duty to file, a motion requesting that he be sentenced below the five-year mandatory minimum.

AFFIRMED.