[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13267
Non-Argument Calendar
_____

D.C. Docket No. 6:03-cr-00065-PGB-GJK-9


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN C. PATTERSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 20, 2015)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

John C. Patterson, a federal prisoner proceeding pro se, appeals the district

court's dismissal of his "Motion to Compel for Specific Performance of Plea

Agreement or Withdraw[a]l of Guilty Plea," which he filed under the Mandamus

Act, 28 U.S.C. § 1361.  Patterson claimed that the government breached a plea agreement he signed in 2003.  The district court denied relief, concluding that Patterson was not entitled to mandamus because he had an adequate alternative remedy to pursue his claim.[1]  We affirm.

We review for abuse of discretion the district court's denial of a writ of mandamus.  See In re Stewart, 641 F.3d 1271, 1275 (11th Cir. 2001) (per curiam).  Mandamus is appropriate only if, among other things, no other adequate remedy is available.  Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (per curiam).  Patterson had several remedies.  He could have raised his breach-of-plea-agreement claim on direct appeal.  See United States v. Copeland, 381 F.3d 1101, 1104–05 (11th Cir. 2004).  Or he could have raised it in a 28 U.S.C. § 2255 motion.  See United States v. Al-Arian, 514 F.3d 1184, 1191 (11th Cir. 2008) (per curiam).  He did neither.  For that reason, the district court did not abuse its discretion in denying mandamus.

**AFFIRMED.**

---

[1] The district court alternatively construed Patterson's filing as a 28 U.S.C. § 2255 motion and dismissed it as successive.  Patterson has neither obtained a certificate of appealability on this issue nor argued that it was error.  We thus consider only the district court's dismissal under § 1361.