[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10781
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00078-MTT-CHW


CLEVELAND HANKERSON,

                                                       Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
Department of Parole and Probation,

                                                       Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 24, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Cleveland Hankerson, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his mandamus petition, filed pursuant to 28 U.S.C. § 1361, which sought to compel the U.S. Probation Office to respond to his request to amend his 1992 presentence investigation report (PSI). On appeal, Hankerson argues that the district court erred in dismissing his mandamus petition because the Privacy Act, 5 U.S.C. § 522a(g)(1), provides him with a civil remedy against the Probation Office. He also argues that the sentencing court used allegedly inaccurate information in the PSI to impose an unwarranted career offender enhancement.

We review a district court's refusal to issue a writ of mandamus for abuse of discretion. *In re Stewart*, 641 F.3d 1271, 1275 (11th Cir. 2011). In the case of a *pro se* action, we will construe the petition more liberally than we would formal pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

Pursuant to 28 U.S.C. § 1361, federal courts have jurisdiction over mandamus actions seeking "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus relief is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003). Thus, a writ of mandamus is only appropriate if the

2

petitioner demonstrates that: (1) he has a clear right to the relief requested; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. *Cash*, 327 F.3d at 1258.

In certain circumstances, the Privacy Act allows an individual to bring a civil action against a government agency if that agency refuses to correct inaccurate information in its records. *See* 5 U.S.C. § 552a(g)(1). However, this private right of action only applies to federal agencies. *Schwier v. Cox*, 340 F.3d 1284, 1287 (11th Cir. 2003). The definition of "agency" does not include "the courts of the United States." 5 U.S.C. § 551(1)(B). Because the Probation Office acts as a liaison between the sentencing court and the defendant, it serves as "an arm of the court." *United States v. Bernardine*, 237 F.3d 1279, 1283 (11th Cir. 2001).

Although we have not squarely addressed whether the Probation Office is exempt from the Privacy Act, it is clear that § 551(1)(B) exempts court documents and reports from disclosure under the Privacy Act and FOIA. *See Lovell v. Alderete*, 630 F.2d 428, 434 (5th Cir. 1980) (holding that a parole recommendation report was exempt from FOIA due to the exception for federal courts in § 551(1)(B)).

Therefore, the district court did not abuse its discretion by dismissing Hankerson's mandamus petition. Hankerson has not demonstrated a clear right to

3

relief against the Probation Office because, by definition, the Privacy Act only applies to federal agencies, not to federal courts. *See* 5 U.S.C. §§ 551(1)(B), 552a(g)(1).  Furthermore, Hankerson could have asserted his Privacy Act claim in a civil action under 5 U.S.C. § 552a(g)(1), and his arguments related to his sentence could have been brought on direct appeal or in an earlier 28 U.S.C. § 2255 motion.  As such, Hankerson has not demonstrated a clear right to relief, and, even if he has, there were adequate remedies other than mandamus available. Accordingly, mandamus relief was not appropriate, and the district court did not err in dismissing his mandamus petition.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**