[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12778
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00376-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD LEZCANO,
a.k.a. Manuel,
a.k.a. Tony,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 21, 2016)

Before WILSON, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Edward Lezcano appeals the district court's denial of his motion to compel the government to file a Federal Rule of Criminal Procedure 35(b) motion for a sentence reduction based on his substantial assistance. On appeal, Lezcano argues that the government refused to file the Rule 35(b) motion on his behalf because he exercised his constitutional right to a jury trial. Additionally, Lezcano asserts that the district court should have granted a writ of mandamus pursuant to 28 U.S.C. § 1361 because he had a clear right to a Rule 35(b) motion, the government had a clear duty to act, and there was no other adequate remedy. After careful review, we affirm.

After sentencing, a court may reduce a defendant's sentence where the government moves for a reduction under Rule 35(b) based on the defendant's substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). "In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance." Fed. R. Crim. P. 35(b)(3). However, a defendant can receive a sentence reduction under Rule 35(b) more than one year after sentencing only if his substantial assistance involves: (a) information not known to him until one year or more after sentencing; (b) information provided by the defendant to the government within one year of sentencing that did not become useful to the government until more than one year after sentencing; or (c) information, the

2

usefulness of which could not reasonably have been anticipated by the defendant within one year of sentencing. Fed. R. Civ. P. 35(b)(2). The government generally has the power, but not the duty, to file such a motion. United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008) (per curiam).

If the government explicitly promised to file a Rule 35(b) motion in a plea agreement, we analyze its failure to comply with the plea agreement under contract principles. See Forney, 9 F.3d at 1499–1500 & n.2. However, where the filing of a Rule 35(b) motion is discretionary, as it is here, review of a prosecutor's refusal to file is appropriate only where that refusal was based on an unconstitutional motivation, such as race or religion. Id. at 1502. Thus, a defendant's claim that he provided substantial assistance does not entitle him to a remedy or even an evidentiary hearing. Wade v. United States, 504 U.S. 181, 186, 112 S. Ct. 1840, 1844 (1992).

We review de novo whether the district court can compel the government to file a substantial assistance motion. See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993). We review a district court's factual findings regarding a defendant's substantial assistance for clear error. United States v. Carlson, 87 F.3d 440, 447 (11th Cir. 1996).

A district court has original jurisdiction to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

3

28 U.S.C. § 1361. A writ of mandamus is appropriate only if the plaintiff establishes that: (1) he has a "clear right to the relief requested"; (2) the defendant has a "clear duty to act"; and (3) "no other adequate remedy is available." Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (per curiam) (quotation omitted) (alteration adopted). Denials of a motion for a writ of mandamus are reviewed for abuse of discretion. See In re Stewart, 641 F.3d 1271, 1275 (11th Cir. 2011) (per curiam).

The district court did not clearly err in finding that the government declined to file for a sentence reduction under Rule 35(b) based on the untimeliness of Lezcano's cooperation. Although Lezcano argues that the government's motive for not filing the motion is retribution for his exercising his right to trial, Lezcano presents no direct evidence indicating that the government's refusal to file was based on this ground. Instead, the letters between counsel and the government that Lezcano submitted in support of his motion to compel indicate that the prosecutors have consistently stated that they would not file the Rule 35(b) motion because Lezcano's cooperation was untimely. This is not an unconstitutional consideration.

Although Lezcano asserts that the timeliness issue is pretext, he has not shown that the district court clearly erred in concluding that timeliness was the motivation. Lezcano claims the government's concentration on his failure to

cooperate in the Magluta-Falcon prosecutions is evidence that they are punishing him for exercising his right to trial.  However, Lezcano completely disregards the fact that he could have exercised his right to trial and then cooperated with the government within a year of his sentencing.  Although Lezcano may disagree with the government's conclusion that his cooperation was untimely, the ultimate decision as to whether Lezcano qualifies under Rule 35(b) is within the government's discretion.  Absent an unconstitutional motive, the government's decision is not subject to review by this Court.  On this record, the district court did not clearly err in finding that the government's motivation for not filing the Rule 35(b) motion was the untimeliness of Lezcano's cooperation, and therefore denying Lezcano's motion to compel.

Because Lezcano has not shown that he is entitled to a Rule 35(b) motion, a writ of mandamus is also inappropriate.  Lezcano has neither shown that he has a clear right to a sentence reduction under Rule 35(b) nor that the government has a clear duty to act.  See Cash, 327 F.3d at 1258.  The district court did not therefore abuse its discretion in denying Lezcano's alternative petition for a writ of mandamus.

**AFFIRMED.**

5