[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12420
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 07-02159-CV-T-23-MAP

MARY MCKINZIE,

                                                      Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 21, 2010)

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Mary McKinzie appeals the district court's order affirming the

administrative law judge's ("ALJ") denial of her application for supplemental social security income ("SSI"), 42 U.S.C. § 1383(c)(3). In her brief, she presents two arguments: (1) the ALJ erred in declining to give preclusive effect or defer to a finding in a prior administrative proceeding that she could not use her arms or hands repetitively; (2) the ALJ erred in failing to rely on the vocational expert's ("VE") response to a hypothetical question by the ALJ that included a restriction of no repetitive use of arms or hands.

I.

McKinzie argues that the ALJ should have given preclusive effect or deference to an August 30, 2002 decision, which denied her application for social security benefits but found that she was precluded from repetitive use of her arms or hands. It should be noted that McKinzie filed three prior applications for social security benefits, alleging in each of them a disability onset date of January 7, 1994. The most recent decision, the one rendered on August 30, 2002, included a restriction against repetitive use of the arms or hands. McKinzie filed the application for SSI that is before us here on October 16, 2002, and, at the hearing before the ALJ, she amended her disability onset date from January 7, 1994, to October 16, 2002.

We review *de novo* the legal principals upon which the Commissioner's

2

decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

Administrative *res judicata* applies when the agency has made a "previous determination or decision ... about [a claimant's] rights on the same facts and on the same issue or issues, and this previous determination or decision [had] become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1); *see also Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003). In *Reynolds v. Brown*, a decision we consider persuasive, the Seventh Circuit stated that an ALJ should not consider prior applications when the instant application involves a different period of time than that alleged in the prior applications. 844 F.2d 451, 453-54 (7th Cir. 1988) (stating that evidence in prior applications was "completely irrelevant" to the instant application, which alleged an onset date beginning after the prior applications were denied).

Because McKinzie's instant application concerned an unadjudicated time period, the ALJ did not err in declining to give preclusive effect or defer to a prior finding that McKinzie could not use her arms or hands repetitively. We

accordingly reject her first argument.

## II.

McKinzie argues that, if the ALJ had adhered to the 2002 finding that she could not use her arms repetitively, there is a reasonable probability that the ALJ would have come to a different conclusion. The record shows that, in response to a hypothetical question including an absolute limitation on McKinzie's ability to use her arms and hands repetitively, the VE testified that the jobs he had identified would not be available to McKinzie.

We review a Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Id.* at 1158-59 (quotation omitted). We "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation and alteration omitted).

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity. *Id.* § 404.1520(b). Next, the claimant must show that she has a severe impairment. *Id.* § 404.1520(c). She then must attempt to show that the impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id.* § 404.1520(d). If the claimant cannot meet or equal the criteria, she must show that she has an impairment which prevents her from performing her past relevant work. *Id.* § 404.1520(e) and (f). Once a claimant establishes that she cannot perform her past relevant work due to some severe impairment, the burden shifts to the Commissioner to show that significant numbers of jobs exist in the national economy which the claimant can perform. *Id.* § 404.1520(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

The present inquiry concerns the fifth step of the sequential evaluation process—whether the Commissioner carried his burden of demonstrating that a significant number of jobs exist in the national economy that McKinzie can perform. "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.

2002). In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Vega v. Comm'r. of Social Security*, 265 F.3d 1214, 1220 (11th Cir. 2001). However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported by the record. *Crawford*, 363 F.3d. at 1161.

Here, the ALJ did not err by failing to rely on the VE's response to a hypothetical question that included a restriction against repetitive use of arms or hands, because the ALJ did not find that the medical evidence supported such an extreme impairment. McKinzie's second argument therefore fails.

AFFIRMED.