[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13221
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60179-CV-WJZ

ANGELA MORENO,

Plaintiff-Appellant,

versus

COMMISSIONER MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2010)

Before CARNES, BARKETT  and ANDERSON, Circuit Judges.

PER CURIAM:

Angela Moreno appeals the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of her 2003 application for disability insurance benefits ("DIB"), 42 U.S.C. § 405(g), due to, *inter alia*, diabetes and vision problems.

Notably, Moreno filed a prior application for a period of disability and DIB on May 18, 1998. This application was denied on November 21, 2001, after a hearing before an ALJ. In his 2001 decision, the ALJ found that Moreno had severe impairments including diabetes mellitus, generalized arthritis, peripheral vascular disease, varicose veins, and hypertension. He further determined that she retained a residual functional capacity ("RFC") (1) to lift and/or carry and push and/or pull 20 pounds occasionally and 10 pounds frequently; (2) to stand a total of 2 hours, walk a total of 2 hours, and sit a total of 6 hours in an 8-hour work day, with a sit-stand option at 30 minute intervals; (4) to occasionally climb stairs, bend, kneel, crouch, and stoop; and (5) that required her to avoid hazardous machinery and extreme temperatures. The ALJ concluded that Moreno retained the ability to perform her past relevant work as an office clerk and, thus, was not disabled under the Social Security Act ("Act").

Moreno filed her current application for a period of disability and DIB on February 13, 2003, and she alleged a disability onset date of November 2, 2001. On June 8, 2004, after a hearing, the ALJ denied Moreno's application. In doing

so, he found Moreno was not disabled within the meaning of the Act for the period of November 2, 2001, through December 31, 2001, the date Moreno's insured status expired. More specifically, the ALJ found that Moreno had no impairment or combination of impairments that were severe on or before December 31, 2001, and, thus, could return to her past relevant work. The Appeals Council vacated the ALJ's 2004 order and remanded the case because the period from November 2, 2001, through November 21, 2001, had been adjudicated in the 2001 decision and, although the 2001 and 2004 hearings concerned essentially the same time period, the conclusions reached in the hearings lacked conformity. On remand, the Appeals Council instructed the ALJ to consider the period commencing November 22, 2001, and any pertinent information from the 1998 application. There is no dispute that the period at issue in Moreno's 2003 application is November 21, 2001, through December 31, 2001.

After a supplemental hearing, the ALJ denied Moreno's 2003 application. The ALJ found that Moreno's diabetes mellitus with retinopathy and status post cataracts were severe impairments, which caused significant vocationally relevant limitations, but did not preclude her from performing her past relevant work. In addition, he found that she retained an RFC that differed from the 2001 RFC in three respects: Moreno (1) had unlimited ability to perform pushing or pulling;

3

(2) could stand or walk for six hours of an eight-hour work day; but (3) required a sit-stand option at one-hour alternating intervals. The ALJ concluded that, notwithstanding her limitations, Moreno retained the capacity to perform her past relevant work and, thus, was not disabled under the Act.

On appeal, Moreno argues that ALJ erred in failing to apply the doctrine of administrative *res judicata* to the first assessment of her RFC. She further argues that the district court erred in affirming the ALJ's decision based on reasons independent of those the ALJ relied on to deny her DIB application and in failing to describe the purpose of administrative *res judicata* accurately. Finally, she argues that substantial evidence does not support the ALJ's finding that she could perform her past relevant work. To this end, she challenges the (A) the ALJ's evaluation of her subjective complaints of vision impairments caused by her uncontrolled diabetes mellitus; (B) the ALJ's finding that her severe impairments of diabetes mellitus with retinopathy and status post cataracts did not preclude her from performing her past relevant work as an office clerk; and (C) the sufficiency of a hypothetical posed to the vocational expert ("VE").[1]

---

[1] While Moreno also argues that we should apply a more exacting standard of review with respect to this claim, we decline to consider her argument in this regard because she raises it for the first time in her reply brief. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)

4

I.

Moreno argues that the ALJ should have given preclusive effect to her 2001 RFC assessment. We review "*de novo* the legal principles upon which the Commissioner's decision is based." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

The Social Security Act directs that "[t]he findings and decision of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing." 42 U.S.C. § 405(h). However, the Act also gives the Commissioner the authority to

> make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

42 U.S.C. § 405(a). In accordance with the Act, the Commissioner's regulations direct that administrative *res judicata* applies when the agency has made a previous final decision "about [a claimant's] rights on the same facts and on the same issue

5

or issues." 20 C.F.R. § 404.957(c)(1); *see also Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003).

Here, however, Moreno's instant application concerned an unadjudicated time period. Thus, the ALJ did not err in declining to give preclusive effect to the 2001 RFC assessment. Accordingly, we affirm as to this issue.

## II.

Moreno next challenges the magistrate's rationale, adopted by the district court, for affirming the ALJ's denial of her 2003 application. In Social Security appeals, we review only the decision of an ALJ as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Thus, we find no merit to this argument.

## III.

Moreno argues that substantial evidence does not support the ALJ's finding that her severe impairments did not preclude her from performing her past relevant work . To this end, Moreno argues that (A) the ALJ erred in failing to apply this Circuit's pain standard to her subjective assessment of the limiting effects of her impairments; (B) substantial evidence demonstrates her entitlement to DIB; and (C) the ALJ erred in relying on the VE's response to a hypothetical question that

6

did not include her subjective complaints.

We review a Commissioner's decision to determine whether it is supported by substantial evidence and whether the proper legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004); 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore*, 405 F.3d at 1211. We are precluded from "deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.*

## A.  Subjective Complaints of Limitations

When a claimant attempts to establish disability through her own testimony concerning pain or other subjective symptoms, we apply a three-part "pain standard," which requires (1) evidence of an underlying medical condition, and either (A) objective medical evidence that confirms the severity of the alleged pain stemming from that condition, or (B) that the objectively determined medical condition is so severe that it can reasonably be expected to cause the alleged pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony. *Id.* "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Charter*, 67 F.3d 1553, 1562 (11th Cir. 1995); *see also Moore*, 405 F.3d at 1212 (noting that we "recognize that credibility determinations are the province of the ALJ"). "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable . . . this Court to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and alterations omitted). When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations. *See* 20 C.F.R. § 404.1529(c)(3).

Because the ALJ made a clearly articulated finding that Moreno's subjective

complaints were not credible to the degree that she would have been precluded from all work-related activity during the relevant period and this finding is supported by substantial evidence, we affirm as to this issue.

### B. *Ability to Perform Past Relevant Work*

The Social Security Regulations outline a five-step process used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). Next, the claimant must show that she has a severe impairment. *Id.* § 404.1520(a)(4)(ii). She then must attempt to show that the impairment meets or equals the criteria contained in one of the Listings of Impairments. *Id.* § 404.1520(a)(4)(iii). If the claimant cannot meet or equal the criteria, she must show that she has an impairment which prevents her from performing her past relevant work. *Id.* § 404.1520(a)(4)(iv). Once a claimant establishes that she cannot perform her past relevant work due to some severe impairment, the burden shifts to the Commissioner to show that significant numbers of jobs exist in the national economy which the claimant can perform. *Id.* § 404.1520(a)(4)(v); *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).

The present inquiry concerns the fourth step of the sequential evaluation process – whether the substantial evidence supports the ALJ's finding that Moreno

could perform her past relevant work. At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and a claimant's ability to do past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The RFC is an assessment based upon all of the relevant evidence of a claimant's remaining ability to do work despite her impairments. *Lewis*, 125 F.3d at 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). In determining whether a claimant can work, the ALJ considers the claimant's RFC, age, education, and work experience. Further, "the testimony of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary." *Id.* (quotation omitted). A severe impairment causes more than "a minimal limitation on a claimant's ability to function." *Davis v. Shalala*, 985 F.2d 528, 532 (11th Cir. 1993); 20 C.F.R. § 416.920(c) (stating a severe impairment "significantly limits [one's] physical or mental ability to do basic work activities"). If the evidence is inconsistent, the ALJ weighs the evidence to reach his decision. 20 C.F.R. § 404.1527(c).

Because substantial evidence supports the ALJ's finding that Moreno's severe impairments of diabetes mellitus with retinopathy and status post cataracts did not preclude her from performing her past relevant work during the relevant time period, we affirm as to this issue.

*C.      Hypothetical to VE*

In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Vega v. Comm'r of Social Security*, 265 F.3d 1214, 1220 (11th Cir. 2001). However, the ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported. *Crawford*, 363 F.3d. at 1161.

The ALJ did not err by failing to include Moreno's subjective symptoms in his hypothetical to the VE because the ALJ was not required to include limitations that it found to be unsupported. Accordingly, we affirm in this regard.

## Conclusion

Upon review of the record and the parties' briefs, we find no error.

**AFFIRMED**.