[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11291
_____

D.C. Docket No. 5:13-cv-00374-MTT

JOSEPH J. TOMASZEWSKI,

Plaintiff-Appellant,

versus

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 2, 2016)

Before JORDAN and BLACK, Circuit Judges, and KALLON,* District Judge.

PER CURIAM:

---

* Honorable Abdul K. Kallon, United States District Judge for the Northern District of Alabama, sitting by designation.

Joseph Tomaszewski appeals the district court's order affirming the Social Security Commissioner's ("the Commissioner") denial of his application for Supplemental Security Income ("SSI").[1]  Specifically, Tomaszewski argues that res judicata applied to his prior benefits award and the award should have presumptively continued under *Simpson v. Schweiker*, 691 F.2d 966 (11th Cir. 1982).  Because *Simpson* only applies in benefits continuation cases and this appeal stems from a new application Tomaszewski filed, we affirm the decision of the district court.[2]

An ALJ awarded Tomaszewski SSI benefits in 2004.  Sometime thereafter, Tomaszewski's wife inherited a substantial amount of money, which resulted in Tomaszewski having an annual household income that exceeded the level allowed for SSI.[3]  As a result, the Commissioner terminated Tomaszewski's benefits due to

---

[1]  Tomaszewski challenges for the first time in his reply brief the Commissioner's denial of his disability insurance benefits ("DIB").  We decline to address this issue because "an appellant may not raise an issue for the first time in a reply brief." *United States v. Magluta*, 418 F.3d 1166, 1185 (11th Cir. 2005) (citations omitted).  Moreover, Tomaszewski abandoned any arguments related to the denial of his application for DIB by not challenging the decision before the district court.  *See Tomaszewski v. Colvin*, 2015 WL 893523 *1 n.3 (M.D. Ga. Mar. 2, 2015); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (quoting *Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, this Court will not address an argument that has not been raised in the district court.")).

[2]  In light of our decision that *Simpson* does not apply here, the Court need not decide whether Congress overruled the presumption of continuing disability for benefit continuation cases when it enacted 42 U.S.C. §423(f).

[3]  SSI benefits are "intended to provide only a subsistence level [of] income" to eligible disabled persons.  *See, e.g., Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994) (citing 42 U.S.C. §§1382, 1382a).

excess resources. Rather than challenging the termination of his SSI, Tomaszewski filed instead a new application for SSI in 2009. The ALJ's denial of this 2009 application is the subject of this appeal.

We disagree with Tomaszewski's contention that our decision in *Simpson* dictates the presumptive continuation of his prior disability determination and that res judicata should have barred the re-litigation of his disability status.[4] The decision to file a new application in 2009 takes Tomaszewski out of the *Simpson* benefits continuation heartland, and, as a result, his reliance on *Simpson* is misplaced. *See Simpson,* 691 F.2d at 969. Moreover, we agree with the district court that res judicata does not apply because Tomaszewski's new SSI application covers a different time period, and involves new evidence that is independent from the prior application. *See Luckey v. Astrue*, 331 F. App'x. 634, 638 (11th Cir. 2009). We also agree with the district court that the Commissioner's decision as a whole is supported by substantial evidence. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997). We, therefore, affirm.

**AFFIRMED**.

---

[4] Tomaszewski also argues that he should have received expedited reinstatement of his benefits. However, this issue is not properly before this Court because he did not raise it with the Commissioner. *See* 42 U.S.C. §405(g) (judicial review is available only after the Commissioner issues a final decision).