[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14197
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-01982-SPF

ESTILITA RODRIGUEZ TORRES,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 7, 2020)

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Estilita Rodriguez Torres appeals the district court's decision affirming the Social Security Administration's denial of her applications for a period of disability and disability insurance benefits.  Torres contends that the administrative law judge (ALJ) erred in refusing to give res judicata effect to a previous ALJ's determination that Torres was severely disabled from fibromyalgia.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 18, 2010, Torres applied to the Social Security Administration for a period of disability and disability insurance benefits, alleging she had become disabled on July 15, 2010.  An ALJ denied Torres's application on April 17, 2013 because, although she had not worked since July 15, 2010 and had a severe medical impairment due to fibromyalgia, her impairment was not equivalent to those listed in the federal regulations.  Thus, for the period of July 15, 2010 through April 17, 2013, Torres was not entitled to a period of disability and disability insurance benefits.

Two years later, Torres again filed for a period of disability and disability insurance benefits, claiming that she was disabled due to fibromyalgia for a different period of time—from April 18, 2013 through December 31, 2013.  This time, the ALJ determined that Torres's claim failed because "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment."  The ALJ emphasized that Torres did not provide any treatment

records during the relevant period that would support her claim. According to the ALJ, Torres's treatment records "extend[ed] through January 2013, with no further treatment records until June 9, 2014." Torres admitted "to a significant gap in her treatment history" and testified that, even though her condition has worsened over the years, it was "not as bad" in 2013. The ALJ concluded that there was "insufficient subjective and objective evidence, and no medical signs or laboratory findings, to substantiate the existence of a medically determinable impairment through the date last insured." The ALJ concluded that he was not bound by the decision on Torres's previous application because this case dealt with an "unadjudicated period," that is, the period after April 17, 2013, when the Social Security Administration decided her last disability claim.

After the Appeals Council declined to review the ALJ's decision, Torres sought review in the district court. Torres argued that the doctrine of administrative res judicata bound the ALJ to the previous ALJ's decision as to the severity of her impairment. The district court affirmed the ALJ's denial of benefits, concluding that (1) res judicata did not bind the ALJ to the previous decision on the severity of Torres's impairment because the previous decision was based on a different time period, and (2) the ALJ's decision was supported by substantial evidence. Torres appeals.

## STANDARD OF REVIEW

"[W]e review de novo the legal principles upon which the [ALJ]'s decision is based." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "The [ALJ]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius v. Sullivan, 936 F.2d 1143, 1145–46 (11th Cir. 1991).

## DISCUSSION

Torres argues here, as she did before the district court, that the doctrine of administrative res judicata bound the ALJ to the previous determination that Torres had the medically severe impairment of fibromyalgia. Administrative res judicata applies when an agency has "made a previous determination or decision . . . about [a claimant's] rights on the same facts and on the same issue or issues, and [that] previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c)(1); see also Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003). The question before us is whether the previous determination that Torres suffered from a severe impairment based on fibromyalgia before April 17, 2013 is the "same fact" and "same issue" that was before the ALJ in Torres's disability claim for a different and later time period.

We agree with the district court that the previous determination did not determine the same facts and issues as this case and the ALJ was not bound by administrative res judicata. "Any earlier proceeding that found or rejected the onset

4

of a disability could rarely, if ever, have actually litigated and resolved whether a person was disabled at some later date."  See Earley v. Comm'r of Soc. Sec., 893 F.3d 929, 933 (6th Cir. 2018) (internal quotation marks omitted)); see also Albright v. Comm'r of Soc. Sec., 174 F.3d 473, 476 (4th Cir. 1999) ("The [Social Security Administration] treats a claimant's second or successive application for disability benefits as a claim apart from those earlier filed, at least to the extent that the most recent application alleges a previously unadjudicated period of disability." (footnote omitted) (internal quotation marks omitted)); Rucker v. Chater, 92 F.3d 492, 495 (7th Cir. 1996) ("The first ALJ's finding was a binding determination with respect to [the claimant]'s eligibility for disability benefits for that time period.  It has no effect, however, on an application for disability benefits for a subsequent time period."); see also Tomaszewski v. Colvin, 649 F. App'x 705, 706 (11th Cir. 2016) (unpublished) (holding that "res judicata [did] not apply because [the claimant]'s new [disability] application cover[ed] a different time period, and involve[d] new evidence that [was] independent from the prior application"); Griffin v. Comm'r of Soc. Sec., 560 F. App'x 837, 844 (11th Cir. 2014) (unpublished) (declining to apply administrative res judicata when "the prior [ALJ's] decision did not finally adjudicate any issues or facts that were raised in this proceeding"); McKinzie v. Comm'r of Soc. Sec., 362 F. App'x 71, 73 (11th Cir. 2010) (unpublished) ("[A]n ALJ should not consider prior applications when the instant application involves a

5

different period of time than that alleged in the prior applications."); Moreno v. Astrue, 366 F. App'x 23, 27 (11th Cir. 2010) (unpublished) (refusing to "give preclusive effect" to a prior determination because the "instant application concerned an unadjudicated time period"); Luckey v. Astrue, 331 F. App'x 634, 638 (11th Cir. 2009) (unpublished) ("Because the factual time period for [the claimant]'s current application is different from her previous application, administrative res judicata does not apply."). Because the ALJ was not bound by the previous determination of Torres's disability, and there was substantial evidence supporting the ALJ's determination that she was not disabled from April 18, 2013 to December 31, 2013,[1] we agree with the district court that the ALJ's decision was due to be affirmed.

   **AFFIRMED.**

---

[1] The substantial evidence supporting the ALJ's decision included: (1) Torres did not provide or cite to any medical records, evidence, or testing that occurred from April 18, 2013 to December 31, 2013; (2) Torres testified that she did not seek treatment in 2013 because her condition was not "as bad" that year; and (3) a 2015 consultative evaluation concluded that Torres's condition was non-severe.