[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12909

Non-Argument Calendar

_____

TINA SPENCE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-00855-AAS

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Tina Spence appeals the district court's order affirming the Social Security Commissioner's denial of an application for a period of disability and supplemental security income ("SSI") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). She argues that the administrative law judge erred by not applying administrative *res judicata* to a previous adjudication—which found that she retained the residual functional capacity ("RFC") to perform sedentary work—because there was no indication that her condition had improved. But because the ALJ's refusal to apply *res judicata* accorded with the Social Security Administration's interpretation of one of its regulations and Spence hasn't properly challenged that interpretation, we affirm.[1]

A claimant becomes eligible for SSI "in the first month where she is both disabled and has an SSI application on file." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] We review the ALJ's decision "to determine whether it is supported by substantial evidence" and review the ALJ's application of legal principles *de novo. Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

continuous period of not less than 12 months."    42 U.S.C. § 423(d)(1)(A).  The burden is primarily on the claimant to prove that she is disabled.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  "The social security regulations establish a five-step evaluation process, which is used to determine disability."  *Moore*, 405 F.3d at 1211.  The last two steps of this process consider whether, in light of her RFC, the claimant can perform her past relevant work and, if not, whether she can adjust to other work, taking into consideration her RFC, age, education, and work experience.  20 C.F.R. § 416.920(a)(4).

If a claimant is denied benefits and has finished pursuing her administrative-review rights or declines such review, she may apply again in a separate application claiming a later disability-onset date.  *See* Procedures for Handling Requests to File Subsequent Applications for Disability Benefits, SSR 11-1p, 76 Fed. Reg. 45309, 45310 (July 28, 2011).  A second application starts the process anew and potentially permits the applicant to obtain benefits for the new period of time.  *See id.* at 45311.

The Social Security Act directs that "[t]he findings and decisions of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing."    42 U.S.C. § 405(h).  Pursuant to its rulemaking authority,[2] the Social Security

---

[2] The Act gives the Commissioner the authority to "make rules and regulations and to establish procedures . . . which are necessary or appropriate to carry out [its] provisions" and to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and

Administration promulgated a regulation explaining when administrative *res judicata* will apply in its proceedings: An ALJ may "dismiss a hearing request entirely or . . . refuse to consider any one or more of the issues" because of *res judicata* when the SSA has "made a previous determination or decision . . . on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 416.1457(c)(1); *see Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003) (per curiam).

Since promulgating that regulation, the SSA has interpreted it to mean that *res judicata* applies to findings in a prior decision only "if the same parties, facts and issues are involved in both the prior and subsequent claims." Acquiescence Ruling 97-4(9), 62 Fed. Reg. 64038, 64039 (Dec. 3, 1997). And, crucially for this case, "if the subsequent claim involves deciding whether the claimant is disabled *during a period that was not adjudicated* in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period *to be a new issue* that prevents the application of administrative *res judicata*." *Id.* (emphasis added). Accordingly, the "SSA considers the facts and issues *de novo*" in a subsequent disability claim "involving an unadjudicated period" and does not adopt findings from prior

_____

evidence and the method of taking and furnishing the same." 42 U.S.C. § 405(a)."

decisions in determining whether the claimant is disabled with respect to the unadjudicated period. *Id.*

Here, Spence argues only that the ALJ who decided her current application for SSI erred by failing to give *res judicata* effect to the prior ALJ decision on her first application.[3]  But the previous decision concerned the period of March 13, 2013 through February 4, 2016, while the present application covered the time period of April 14, 2017 through May 6, 2019.  Therefore, Spence's subsequent claim "involves deciding whether [she was] disabled during a period that was not adjudicated" in the prior claim—which, according to the SSA's interpretation of 20 C.F.R. § 416.1457(c)(1), means that this is a "new issue" and *res judicata* doesn't apply.  Acquiescence Ruling 97-4(9), *supra*, at 64039.

Spence hasn't argued that we should reject the SSA's interpretation of its own regulation or given us any reason to think that we should decline to apply the deference we typically give "to agencies' reasonable readings of genuinely ambiguous regulations." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2408 (2019) (citing *Auer v. Robbins*, 519 U.S. 452 (1997), and *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410 (1945)).  Nor has she explained why we should reverse course from our long line of (admittedly unpublished) cases

---

[3] Spence does not argue on appeal that the ALJ's determination was not supported by substantial evidence, so that argument is abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014) (noting that a party abandons an issue on appeal by mentioning it only in passing or without providing substantive argument in support).

that, consistent with the SSA's interpretation, have affirmed the agency's refusal to give preclusive effect to prior adjudications concerning different time periods. *See, e.g.*, *Diaz v. Comm'r of Soc. Sec.*, 828 F. App'x 560, 562-63 (11th Cir. 2020) (per curiam); *Torres v. Comm'r of Soc. Sec.*, 819 F. App'x 886, 888-89 (11th Cir. 2020) (per curiam); *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 844 (11th Cir. 2014); *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) (per curiam); *Moreno v. Astrue*, 366 F. App'x 23, 27 (11th Cir. 2010) (per curiam); *Luckey v. Astrue*, 331 F. App'x 634, 638 (11th Cir. 2009) (per curiam). Therefore, because Spence's application concerned a time period that wasn't adjudicated in her prior claim, the ALJ wasn't required to apply *res judicata*.

**AFFIRMED.**