**Jagadish BUGULU and Poornima Moorthy, Plaintiffs,**

**v.**

**Alberto GONZALEZ, U.S. Attorney General, Michael Chertoff, Secretary of the Department of Homeland Security, Emilio T. Gonzalez, Director of the U.S. Citizenship and Immigration and Services, Ruth A. Dorochoff, District Director of the U.S. Citizenship and Immigration and Services, Chicago, IL, District Office and Kay Leopold, Director of the Milwaukee Office U.S. Citizenship and Immigration Services, Defendants.**

**No. 06–C–756S.**

United States District Court,
W.D. Wisconsin.

May 1, 2007.

Richard D. Humphrey, Assistant U.S. Attorney, Madison, WI, for Defendants.

### MEMORANDUM and ORDER

SHABAZ, District Judge.

Plaintiffs have filed a writ of mandamus to require defendants to forthwith adjudicate plaintiffs' application for adjustment of status.

On April 2, 2007 plaintiffs filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of facts, conclusions of law, affidavits and a brief in support thereof. Plaintiffs' motion for summary judgment is fully briefed and ready for decision.

Defendants cross moved for summary judgment that same date submitting proposed findings of facts, conclusions of law, and affidavit and a brief in support thereof. Plaintiffs have not filed a timely opposition brief to defendants' motion for

summary judgment. No further briefing is required.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### FACTS

For purposes of deciding defendants' motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiffs Jagadish Bugulu and Poornima Moorthy are a married couple and reside in Madison, Wisconsin. Defendant Alberto Gonzalez is the Attorney General of the United States and is generally responsible for the enforcement of the Immigration and Nationality Act (INA). Defendant Michael Chertoff is the head of the Department of Homeland Security (DHS). Defendant Emilio Gonzalez is an official with DHS and is charged with supervisory authority of all Citizenship and Immigration Services (CIS). Defendant Ruth Dorochoff is the District Director of CIS of the District that includes the Milwaukee CIS office. Defendant Kay Leopold is the Director of the Milwaukee CIS office.

On or about October 8, 2003 plaintiff Bugulu filed an application to adjust status (Form I–485) with the Milwaukee CIS office. At the same time plaintiff filed an Immediate Relative Petition (Form I–130). Plaintiffs personally appeared for the adjustment interview on September 21, 2005 and submitted substantial documentation to show the *bona fides* of the relationship.

When an alien applies for an immigration benefit such as an adjustment of status the CIS initiates several forms of security and background checks to ensure that the alien is eligible for the immigration benefit and is not a risk to national security or public safety. These checks include an FBI fingerprint check, a check against the DHS-managed Interagency Border Inspection System(IBIS) and an FBI name check. When these checks raise issues that impact on an applicant's eligibility the CIS must conduct further inquiry to resolve those issues. CIS cannot adjudicate the alien's application until the investigation is complete. The finger print check must be less than 15 months old at the time of the adjudication.

Plaintiff Bugulu's fingerprints were processed by the FBI on January 12, 2004 and again on September 21, 2005. IBIS checks on plaintiff Bugulu on November 30, 2004, December 23, 2004 and June 6, 2005 and CIS received the results of those checks. Name checks on plaintiff Bugulu were conducted on or around October 29, 2001 and April 3, 2006. CIS received the FBI response on February 6,2007. The CIS has determined that the information it has received raises issues that require further inquiry and review.

## MEMORANDUM

Plaintiffs argue that this Court has subject matter jurisdiction under 28 U.S.C. § 1361 to compel the defendants to adjudicate plaintiff Bugulu's adjustment of status application. Defendants contend that this Court does not have subject matter jurisdiction of plaintiffs' claims.

■ To obtain mandamus relief, a petitioner must demonstrate (1) a clear right to the relief sought, (2) that the respondents have a clear, non-discretionary duty to act and (3) that no other remedy is available. *Grinberg v. Swacina*, 478 F.Supp.2d 1350, 1351 (S.D.Fla.2007).

Applications for adjustment of status are governed by 8 U.S.C. § 1255. The statute provides that the alien's status may be adjusted by the Attorney General in his discretion and under such regulations as he may prescribe.

8 U.S.C. § 1252(a)(2)(B)(ii) provides in pertinent part as follows:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D) and regardless of whether the judgment, decision or action is made in removal proceedings no court shall have jurisdiction to review—. . .

Any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under things subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

The Court held in Grinberg at *3 that defendants have no clear duty to adjudicate the application within a particular time. The Court also held that it lacked mandamus jurisdiction of the Grinbergs' claim pursuant to § 1252(a)(2)(B)(ii) which expressly prohibits mandamus relief of any decision or action by the Attorney General. The Court found that action encompasses delays in the process. *Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va.2006).

■ The Court lacks subject matter jurisdiction of Bugulu's claim concerning the delay in processing his adjustment status application because it is a discretionary action by the Attorney General pursuant to the 8 U.S.C. § 1252(a)(2)(B)(ii). Accordingly, plaintiffs' motion for summary judgment will be denied. Defendants' motion for summary judgment will be granted and the above entitled matter will be dismissed for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that plaintiffs' motion for summary judgment is DENIED

IT IS FURTHER ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered DISMISSING the plaintiffs' complaint and all claims contained therein for lack of subject matter jurisdiction.